FILED
2017 Sep-21 PM 04:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| SARAH BROWN, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 4:17-CV-862-KOB |
| SEDGWICK CLAIMS ] | |
| MANAGEMENT SERVICES, INC., et ] | |
| al., ] | |
| ] | |
| Defendants. ] | |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Sedgwick Claims Management Services Inc.'s ("Sedgwick") and Lowe's Home Centers, LLC's ("Lowe's") (collectively, the "Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 4). Plaintiff Sarah Brown brought a workers' compensation claim (Count I) in the Circuit Court of St. Clair County, Alabama. Brown later amended her complaint with claims of retaliatory discharge (Count II) and outrage (Count III). The state court severed Brown's outrage claim. Defendants then removed the new action with the sole count of tort of outrage to this court. Concurrently, Defendants filed the instant[1] motion to dismiss under Rule 12(b)(6), arguing that Brown fails to state a claim upon which relief can be granted. For the following reasons, Defendants' motion to dismiss is due to be GRANTED.

---

[1] Defendants filed duplicative motions to dismiss (docs. 3 and 4). The court denied as moot one of those motions (doc. 3) and now rules on the remaining motion (doc. 4).

1

**Standard of Review**

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

**Facts**

Brown worked at Lowe's unloading trucks and moving merchandise, among other duties. Brown injured her back while moving a heavy piece of merchandise in May 2014. She left work

and went to see a chiropractor that day and three times the following week. The treatment was ineffective. Brown also returned to the Lowe's store on the day of her injury and filed a claim for workers' compensation benefits. Lowe's declined to pay the chiropractor from whom Brown sought treatment because he was an "unauthorized doctor."

Four days after Brown's injury, defendant Sedgwick, a claims management company, took a statement from Brown. Soon thereafter, Sedgwick informed Brown that her workers' compensation claim would be closed because, according to Sedgwick, Brown had previously complained to another Lowe's employee about her back. Brown disputed Sedgwick's finding and continued to seek workers' compensation benefits from Defendants.

Brown began pursuing her claim in Alabama state courts. According to Brown, Defendants continued to sandbag her attempts to obtain compensation and were aware that the evidence they relied on in denying her claim was not credible. In 2015, Brown won her state-court suit. Defendants appealed and, later, petitioned for a writ of mandamus, losing both.

In addition, Brown alleges in her amended complaint that the Defendants "continued their physical and mental assault on the plaintiff by refusing medical benefits, contesting physicians, and relying upon 'insurance' doctors to thwart treatment of the plaintiff." Brown notes that one "insurance doctor," relied upon by Defendants, permitted Brown to return to work despite failing to provide her medical treatment. The amended complaint is unclear whether these alleged events occurred before, during, or after the proceedings before the state court. Regardless, Brown concludes that Defendants have still failed to provide her the necessary medical care for her injury. Brown states that the passage of time has exacerbated her injury and "[s]he lives a medicated life replete with mental and physical anxiety and suffering." According


to Brown, Defendants' goal has been to coerce her into settling for a lower payment than she is entitled.

## Discussion

In Alabama, to prevail on a claim for the tort of outrage, a plaintiff must demonstrate that the defendant's conduct "(1) was intentional and reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1043 (Ala. 1993). It is a "very limited cause of action that is available only in the most egregious circumstances." *Id.* at 1044. That is, "the tort of outrage is viable only when the conduct is 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Little v. Robinson*, 72 So. 3d 1168, 1172-73 (Ala. 2011) (quoting *Horne v. TGM Assocs., L.P.*, 56 So. 3d 615, 631 (Ala. 2010)).

The Alabama Supreme Court has only recognized the tort of outrage for three kinds of conduct: "(1) wrongful conduct in the family-burial context; (2) barbaric methods employed to coerce an insurance settlement; and (3) egregious sexual harassment." *Little*, 72 So. 3d at 1172-73 (citations omitted) (quoting *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000)). The tort of outrage can be viable for other conduct, but only if the conduct shocks the conscience. *See id.* (citing *O'Rear v. B.H.*, 69 So. 3d 106 (Ala. 2011), which affirmed judgment on tort-of-outrage claim asserted against family physician who exchanged prescription drugs for sex with teenage patient).

The court finds that the conduct alleged against Defendants does not fall within the very limited Alabama tort of outrage. This case does not involve the family-burial context, nor does Brown allege egregious sexual harassment. And Defendants did not employ the type of

"barbaric methods" to coerce Brown into a settlement sufficient to satisfy Alabama law. In *National Sec. Fire & Cas. Co. v. Bowen*, the only successful insurance outrage case, the Alabama Supreme Court concluded that the defendant insurer's conduct "was so horrible, so atrocious, so barbaric," that a jury could find that the plaintiff suffered the requisite severe emotional distress for the tort of outrage. 447 So. 2d 133, 141 (Ala. 1983). To avoid liability, that insurer framed the plaintiff for arson, threatened to murder his children, and kidnapped him at gunpoint. *Id.* at 136-37. Here, Brown says that Defendants abused the judicial process to delay her receipt of workers' compensation benefits. The filing of a frivolous appeal, while bad form, is not conduct that is "atrocious and utterly intolerable in a civilized society." *See Little*, 72 So. 3d at 1172-73.

Likewise, Brown's other allegations, such as Defendants' apparent requirement that she visit an insurance-approved physician and that physician's determination that she was fit to work, do not come near to conduct that "go[es] beyond all possible bounds of decency." *See id*. Although the withholding of medical benefits to coerce a settlement can give rise to the tort of outrage in extreme circumstances, Brown makes only a conclusory allegation that Defendants withheld medical benefits with that goal. *See Continental Cas. Ins. Co. v. McDonald*, 567 So. 2d 1208, 1210, 1221 (Ala. 1990) (concluding that plaintiff who was denied medical benefits by workers' compensation carrier with goal of forcing settlement had presented a triable issue for tort of outrage). Here, Brown was able to see a chiropractor and "insurance doctors," and she does not allege that Defendants failed to pay her treating physicians after Defendants became obligated to provide benefits. *See id*. Rather, Brown's allegations indicate that Defendants "insist[ed] on [their] legal rights in a permissible way." *See id.* at 1220.

5

Brown's facts are closer to *Farley v. CNA Ins. Co.*, 576 So. 2d 158, 160 (Ala. 1991). In that case, the Alabama Supreme Court rejected an outrage claim where claims agents gave plaintiff "the runaround" by sending her to various doctors and failing to timely pay medical bills. *Farley*, 576 So. 2d at 160.

At best, Brown may present allegations of bad faith. The Supreme Court of Alabama's guidance, however, demands that the tort of outrage involve conduct that is "extreme and outrageous." *See id*. The facts here do not cross that threshold. Accordingly, Brown's action is due to be DISMISSED WITH PREJUDICE.

The court will enter a separate Final Order consistent with this Memorandum Opinion.

Dated this 21st of September, 2017.

                                         KARON OWEN BOWDRE
                                         CHIEF UNITED STATES DISTRICT JUDGE